

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00026-CR

BRYAN KEITH ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 45160-A

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Our review of the reporter's record in this case indicates that it contains "sensitive data" as that phrase is defined in Rule 9.10 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10(a). Sensitive data includes "a birth date, a home address, and the name of any person who was a minor at the time the offense was committed." TEX. R. APP. P. 9.10(a)(3). The aforementioned record includes the name of a person who was a minor at the time the offense was committed. Rule 9.10(b) states, "Unless a court orders otherwise, an electronic or paper filing with the court, including the contents of any appendices, must not contain sensitive data." TEX. R. APP. P. 9.10(b).

The purpose of Rule 9.10(a)(3) is to protect the identity of any person who was a minor at the time the offense was committed. The briefs filed in this case identify the minor victim's father by name and by his position as a Gregg County Sheriff's Deputy. Consequently, the identity of the minor victim can be easily discerned by reading either or both briefs.

Rule 9.10(g) provides, "A court may also order that a document be filed under seal in paper form or electronic form, without redaction." TEX. R. APP. P. 9.10(g). Therefore, because the reporter's record contains sensitive data, we order the clerk of this Court or her appointee, in accord with Rule 9.10(g), to seal the electronically filed reporter's record in this case. In keeping with the spirit of Rule 9.10(a)(3), we likewise order the clerk of this Court or her appointee to seal the electronically filed briefs in this case.

IT IS SO ORDERED.

BY THE COURT

Date:   December 15, 2016

2